Filed 1/3/25  In re J.P. CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.S.,<br><br>    Defendant and Appellant. | E084090<br><br>(Super.Ct.No. RIJ1201174)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Caryl A. Lee, Judge.

(Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Conditionally reversed and remanded with directions.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Catherine E. Rupp, Deputy County Counsel, for Plaintiff and Respondent.

A.S. (mother) appeals the order of the Riverside County Juvenile Court terminating her parental rights as to her child, J.P. (the child) made at the Welfare and Institutions Code section 366.26 hearing.[1] We will conditionally reverse the order for compliance with section 224.2 and rule 5.481, California's provisions designed to implement and enhance the Federal Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.).

## BACKGROUND

The child was one day old in December 2022 when respondent Riverside County Department of Public Social Services (the Department) took him into protective custody pursuant to a section 340 detention warrant after he and mother tested positive for amphetamines at the time of his birth. The Department placed the child with his paternal great-aunt and filed a juvenile dependency petition alleging the child came within subdivision (b)(1) of section 300.

In the course of the detention hearing, mother and the child's father each submitted Parental Notification of Indian Status forms (ICWA-020) indicating the child was not an Indian child. The court found ICWA did not apply, but directed the Department "to inquire of any relatives regarding ICWA."

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise designated. References to rules are to California Rules of Court.

2

At the combined hearing on jurisdiction and disposition, the juvenile court sustained an amended version of the petition, adjudged the child a dependent of the court, and ordered him removed from his parents' custody. It found his parents came within subdivisions (b)(10) and (b)(11) of section 361.5 and that it would not be in the child's best interests to provide family reunification services.[2] Accordingly, family reunification services were bypassed and the court set the matter for a section 366.26 permanent plan selection hearing. The court also found the Department had conducted a sufficient inquiry regarding whether the child may have Indian ancestry and held ICWA did not apply to the proceedings.

At the section 366.26 hearing, the court again made a no-ICWA finding, and proceeded to terminate the parental rights of mother and the child's father. Mother timely filed this appeal.

## DISCUSSION

On appeal, mother argues conditional reversal of the order terminating parental rights is called for because the Department failed to comply sufficiently with its duty to ask readily available maternal relatives whether the child is or may be an Indian child as required by former subdivision (b) of section 224.2, which was in effect at the time parental rights were terminated.

---

[2]  Section 361.5, subdivision (b)(10) and (b)(11) authorizes the juvenile court to bypass provision of family reunification services if a parent has failed to reunify with, and had their parental rights terminated as to, the child's siblings or half siblings, and thereafter failed to make a reasonable effort to treat the problems that led to removal of the children from the parents.

3

1. *The Statutory Framework*

ICWA was enacted by Congress to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families in child custody proceedings, including juvenile dependency cases. (25 U.S.C. §§ 1902, 1903(1); 25 C.F.R. § 23.106 (2024).) To that end, California law imposes an affirmative and continuing duty on the court and child services agencies such as the Department to conduct an ICWA inquiry, that is, to ask whether a child for whom a section 300 juvenile dependency petition has or may be filed is or may be an Indian child. (§ 224.2, subd. (a); rule 5.481.)

Section 224.2 and rule 5.481 set forth California's provisions governing the timing and scope of the Department's and the juvenile court's respective duties of ICWA inquiry (sometimes collectively referred to herein as Cal-ICWA inquiry). The Department's duty of inquiry attaches at its first contact concerning the child. (§ 224.2, subd. (b)(1), formerly subd. (a), which was renumbered and revised without substantive change, Stats. 2024, ch. 656, § 3, eff. Sept. 27, 2024.) During juvenile court proceedings leading up to termination of parental rights in this case, the minimum inquiry requirement initially imposed on the Department was to ask the reporting party whether that person had any information that the child may be an Indian child. (Former § 224.2, subd. (a).) That duty expanded to include the child, parents, legal guardian, Indian custodian, extended family members, and others who have an interest in the child "[i]f a child is

4

placed into the temporary custody of a county welfare department pursuant to Section 306." (Former § 224.2, subd. (b).)

Rule 5.481(a)(5) requires the agency to include in its filings on an ongoing basis a detailed description of all inquiries undertaken, and all information it received pertaining to the child's Indian status.

In our early cases addressing former subdivision (b) of section 224.2, we found the duty of inquiry applied in every dependency proceeding. (*In re C.L.* (2023) 96 Cal.App.5th 377, 385 (*C.L.*) (Third District). In 2022, however, a concurring opinion in *In re Adrian L.* (2022) 86 Cal.App.5th 342, 353, gave rise to the notion that the reference to section 306 in former subdivision (b) of section 224.2 meant that the extended inquiry requirement does not apply if a child was taken into custody pursuant to a protective custody warrant. Some panels of this court adopted that approach. (*In re Robert F.* (2023) 90 Cal.App.5th 492, 504, review granted July 26, 2023, S279743 (*Robert F.*); *In re Ja.O.* (2023) 91 Cal.App.5th 672, 677-678, review granted July 26, 2023, S280572; *In re Andres R.* (2023) 94 Cal.App.5th 828, 860, review granted, Nov. 15, 2023, S282054.)

On the other hand, the majority of another panel of this court disagreed with *Robert F.*, *supra*, 90 Cal.App.5th 492 line of cases in *In re Delila D.* (2023) 93 Cal.App.5th 953, 965-976, review granted September 27, 2023, S281447 (*Delila D.*). *Delila D.* held the expanded duty of inquiry applies whether or not a child is removed pursuant to a protective custody warrant, that is, the way a child is initially removed from

home has no bearing on the question of whether they may be an Indian child. (*Delila D.*, *supra*, at pp. 965-976; accord, *In re L.B.* (2023) 98 Cal.App.5th 512, 516-519 (*L.B.*) (First Dist., Div. Four); *In re Samantha F.* (2024) 99 Cal.App.5th 1062, 1068 (*Samantha F.*) (Fourth Dist., Div. Two); *C.L.*, *supra*, 96 Cal.App.5th at pp. 385-391 (Third Dist.); *In re V.C.* (2023) 95 Cal.App.5th 251, 256-260 (First Dist., Div. Two); *In re Jerry R.* (2023) 95 Cal.App.5th 388, 411-426 (Fifth Dist.).)

The majority of the panel in *Samantha F.*, which embraced the reasoning of *Delila D.*, added that the reasoning of *Robert F.* is also faulty because it misconstrues the term "protective custody" as exclusive of "temporary custody," and erroneously misinterprets federal ICWA law in an effort to support the notion that the protection afforded ICWA inquiry does not apply to children removed by a warrant. (*Samantha F.*, *supra*, 99 Cal.App.5th at pp. 1068-1069.)

Recently, the California Legislature amended as part of an urgency measure subdivision (b) of section 224.2 "clarifying" that a county welfare department has an obligation to inquire whether a child is an Indian child even when placed in temporary custody pursuant to a section 340 warrant. (§ 224.2, subd. (b)(2), added by Stats. 2024, ch. 656, § 3, eff. Sept. 27, 2024; Sen. Rules Com., Off. of Sen. Floor Analyses, 3rd reading analysis of Assem. Bill No. 81 (2023-2024 Reg. Sess.) as amended Sept. 1, 2023, pp. 6-8; Sen. Com. on Judiciary, com. on Assem. Bill. No. 81 (2023-2024 Reg. Sess.) for Aug. 13, 2024 hearing, pp. 9-14; Assem. Conc. in Senate Amends. to Assem. Bill No. 81

6

(2023-2024 Reg. Sess.) as amended Aug. 19, 2024, pp. 2-3.) In its present form, the extend inquiry provision states in relevant part that:

"If a child is … taken into or maintained in the temporary custody of a county welfare department pursuant to paragraph (2) of subdivision (a) of Section 306, or if they were initially taken into protective custody pursuant to a warrant described in section 340, the county welfare department … has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest of the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b)(2).)

We recognize the general rule that applying an amended provision does not operate retrospectively unless the Legislature plainly indicates otherwise. (*In re S.B.* (2004) 32 Cal.4th 1287, 1296.) In a case like the present one, however, in which the amendment to the statute is made to clarify existing law, then it is not retrospective because the true meaning of the statute has not changed.[3] (*Ibid.*)

---

[3]   In view of the clarification of the inquiry provision in former section 224.2, subdivision (b), we see no need to address the Department's argument that the expanded inquiry provision does not apply in this case because the child was removed from home pursuant to a section 340 warrant.

2. *The Standard of Review*

Generally speaking, when the juvenile court has a well-developed record, it is afforded relatively broad discretion in making the fact-specific determination that the child services agency complied with the expanded inquiry requirements. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141 (*Dezi C.*).) That is, we will uphold the court's findings that adequate inquiries were properly undertaken and that ICWA does not apply so long as those conclusions are supported by sufficient evidence and documentation in the record as required by California law (rule 5.481(a)(5)) even if the child services agency did not inquire of everyone who has an interest in the child. (*Dezi C.*, *supra*, at p. 1141.)

If, however, a record is not well developed because inquiry was not properly undertaken and reported as required, then the juvenile court's discretion necessarily becomes more limited. (*Dezi C.*, *supra*, 16 Cal.5th at pp. 1141, 1151.) In those cases, conditional reversal is required because, until the Department gathers and documents the information required by Cal-ICWA, it is not possible to know what information a properly conducted inquiry might reveal. (*Id.*, at pp. 1136, 1152.)

3. *The Lack of Compliance with California's Expanded ICWA Inquiry Provisions*

Here, the Department was in contact with the child's maternal aunt and maternal great-grandparents but had not asked any of those relatives whether the child is or may be an Indian child.

The requirement of an adequate inquiry is not met when an agency's social workers fail to make a Cal-ICWA inquiry of extended family members or persons with

8

an interest in the child with whom they were already in contact in the usual course of their work. (§ 224.2, subd. (b); *Dezi C.*, *supra*, 16 Cal.5th at p. 1141; *L.B.*, *supra*, 98 Cal.App.5th 518-519; *In re H.B.* (2023) 92 Cal.App.5th 711, 720 (*H.B.*); *In re S.S.* (2023) 90 Cal.App.5th 694, 704-705 (*S.S.*).) Accordingly, the juvenile court's finding that ICWA does not apply to the child must be conditionally reversed with instructions to make and document inquires of those maternal relatives as required by section 224.2, subdivision (b) and rule 5.481.

The Department argues (i) it had no duty to undertake Cal-ICWA inquiry of maternal great-grandparents because they are not extended family members, and (ii) that its failure to ask the maternal aunt was harmless because the information in the record about mother's ancestry definitively establishes the child is not an Indian child. We are not persuaded.

Even if the maternal great-grandparents do not come within the definition of "extended family members" they are persons having an interest in the child, a category included in the expanded inquiry provision set forth in section 224.2, subdivision (b).[4] The Department was, therefore, required to ask them about the child's ancestry. (§ 224.2, subd. (b); *Dezi C.*, *supra*, 16 Cal.5th at p. 1141; *L.B.*, *supra*, 98 Cal.App.5th at pp. 518-519; *H.B.*, *supra*, 92 Cal.App.5th at p. 720; *S.S.*, *supra*, 90 Cal.App.5th at pp. 704-705.)

---

[4] What persons qualify as an extended family member is defined by law or custom of the tribe or, in the absence of such law or custom, shall be a person who has reached the age of [18] and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent. (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

The Department posits that the question whether the child comes within ICWA is definitively answered by information in the record. It points to mother's statements in the ICWA-020 form submitted to the court in which she denied Native American ancestry, and her self-identification as a "Pacific Islander" born in "Saipan, Guam."[5] What the Department overlooks is that it may not rely solely on information provided by a parent but must comply with the Cal-ICWA extended inquiry requirements imposed on it by the Legislature. (*Dezi C.*, *supra*, 16 Cal.5th at pp. 1145-1146.) We note, too, that even if reliance on mother's statements without more was permissible, her birth in Guam or Saipan would not preclude her from having Native American ancestry, a fact conceded by the Department during oral argument.

In view of the Department's contacts with the maternal aunt and the maternal great-grandparents and its failure to ask them whether the child is or may be an Indian child, we cannot find there is sufficient evidence to support the conclusion that ICWA does not apply to the proceedings. (See *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101.) Accordingly, we will conditionally reverse the order terminating parental rights. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1152 [a judgment must be conditionally reversed when error results in an inadequate Cal-ICWA inquiry].)

---

[5] Mother's identification of her place of birth cannot be correct. Saipan is not in Guam, but is instead located in another United States Territory, the Commonwealth of the Northern Mariana Islands.

## DISPOSITION

The order terminating parental rights is conditionally reversed.  On remand, the juvenile court shall order the Department to comply with the duty of initial inquiry (§ 224.2, subd. (b)(2); rule 5.481) and, if applicable, the duty of further inquiry (§ 224.2, subd. (e)) and the duty to provide notice to the pertinent tribes (25 U.S.C. § 1912(a); § 224.3).  If the juvenile court determines that ICWA does not apply, then the court shall reinstate the order.  If the court determines that ICWA does apply, then it shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.


I concur:

McKINSTER
J.


11

[*In re J.P.*, E084090]

MENETREZ, J., Dissenting.

We review for abuse of discretion the juvenile court's determination that the Riverside County Department of Public Social Services complied with its inquiry duties under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq. (ICWA)) and related California law. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141 (*Dezi C.*).) A.S. (Mother) repeatedly denied that she has any Indian ancestry.[1] When asked on the record by the court, Mother answered, "No. I have none. I'm Pacific Islander." In a subsequent interview, Mother stated that "she was born in Saipan, Guam." Saipan is actually in the Northern Mariana Islands, about 135 miles from Guam, but there are no federally recognized Indian tribes in either Guam or the Northern Mariana Islands. Given Mother's repeated insistence that she has no Indian ancestry and her self-identification as a Pacific Islander from Saipan, the juvenile court did not abuse its discretion by determining that ICWA inquiry as to the maternal side of the family was adequate. (*Dezi C.*, at p. 1168 (dis. opn. of Groban, J.) ["Or let us imagine a case involving a child who, with his entire family, recently immigrated from Ukraine, thereby making it highly improbable that the child is a member of, or may be eligible for membership in, a federally recognized Indian tribe. Any court would be hard pressed to find that the Department's inquiry regarding his or her Indian ancestry was inadequate because it did not ask his or her entire extended (Ukrainian) family about Indian descent."].) I would

---

[1] Because ICWA uses the term "Indian," I use it as well "to reflect the statutory language." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1125, fn. 1.) No disrespect is intended.

therefore affirm the order terminating parental rights, and accordingly I respectfully dissent.


MENETREZ_____

J.


2